IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JAMES DOUGLAS WERON                                                               PETITIONER
Reg. #41051-074

V.                              NO.  2:11-cv-00016 DPM-JWC

T.C. OUTLAW, Warden,                                                              RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3.  An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### **RECOMMENDED DISPOSITION**

James Douglas Weron, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus, with supporting exhibits (docs. 1-3). For the reasons that follow, the petition should be **dismissed** sua sponte for lack of jurisdiction. *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts.[1]

I.

According to the petition and exhibits, following entry of a guilty plea in the United States District Court for the Eastern District of Tennessee, Petitioner was convicted of

---

[1] This rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The § 2254 Rules may be applied to habeas cases brought under 28 U.S.C. § 2241. § 2254 Rule 1(b).

conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. Judgment was imposed on September 19, 2005, and he was sentenced to 120 months of imprisonment followed by eight years of supervised release. *United States v. Weron*, E.D. Tenn. No. 1:04-CR-131-001 (*see* doc. 1, at 3; doc. 3, at 6-11.) He did not take a direct appeal to the Sixth Circuit Court of Appeals, nor did he file in the sentencing court a 28 U.S.C. § 2255 motion to vacate, correct or set aside his conviction or sentence (doc. 1, at 2, 4).

On January 24, 2011, Petitioner filed this § 2241 habeas petition and supporting exhibits, stating his claims for relief as follows (doc. 1, at 14-21):

Ground One: Under Title 28 U.S.C. § 2241(c)(3), without full disclosure of the nature and cause of the action Respondent stands in violation of the Sixth Amendment, with a resultant prejudice, and routinely deprived Petitioner of life, liberty and property without due process of law protected by the Fifth Amendment of the Constitution of the United States.

Ground Two: Under Title 28 U.S.C. § 2241(c)(3), the Respondent and others did combine, conspire, confederate, and agree to knowingly and intentionally deprive Petitioner of the right to equal protection of law, and having the power to prevent or correct the wrongful act, neglected or refused to prevent or correct said wrongful act, in violation of 42 U.S.C. § 1985 and 1986, with a resultant prejudice and routinely deprived Petitioner of life, liberty, and property without due process of law protected by the Fifth Amendment of the Constitution of the United States.

Ground Three: Under the Title 28 U.S.C. § 2241(c)(1), did the federal government lack federal legislative, territorial, or admiralty jurisdiction in over the *locus quo*.

Ground Four: Under Title 28 U.S.C. § 2241(c)(1), without full disclosure and proof of the depositions, admissions or affidavits for a showing of fact(s) to rely on for a summary determination the judgment 1:04-CR-131-001 is void *ab initio*, a standing injury in fact to the Petitioner and causing Petitioner's ongoing involuntary servitude and imprisonment illegal, contrary to law.

Ground Five: Under Title 28 U.S.C. § 2241(c)(1), the Respondent and others did stipulate and agree, no such authority, jurisdiction or documentation

exists, and that the United States Court, Eastern District of Tennessee, Judgment #1:04-CR-131-011 is void ab *initio*, a standing injury in fact to the Petitioner and causing Petitioner's ongoing involuntary servitude and imprisonment illegal, contrary to law.

Ground Six: Under Title 28 U.S.C. § 2241(c)(3), the Petitioner is "actually innocent of violation of the federal statute, "by proof beyond a reasonable doubt, cause and actual prejudice, that meets the miscarriage of justice exception and more likely than not no reasonable juror would have found Petitioner guilty, a standing injury in fact to the Petitioner and causing Petitioner's ongoing involuntary servitude and imprisonment illegal, contrary to law.

As relief, Petitioner asks the Court to command Respondent to produce documentary proof establishing jurisdiction and legality of the restraint on Petitioner's liberty or, alternatively, to issue an order for his release.

II.

Petitioner is incarcerated in this judicial district, but this is not the district where his conviction and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried

out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

Although the legal basis for his claims is difficult to ascertain,[2] Petitioner clearly is challenging the validity of his federal conviction and sentence and thus should have directed his claims to the Tennessee district court which convicted and sentenced him or to the appropriate Court of Appeals (in his case, the Sixth Circuit). Petitioner concedes that he did not seek a direct appeal of his conviction or sentence or file a § 2255 post-conviction motion in the sentencing court. Any § 2255 motion filed now would be untimely, and Petitioner has not demonstrated any basis for extending the filing deadline. *See* § 2255(f) (federal defendant must file § 2255 motion within one year from the latest of: the date conviction becomes final, the date of removal of any unconstitutional impediment to filing, the date of any United States Supreme Court decision initially recognizing a constitutional right that is retroactively applicable to cases on collateral review, or the date on which the underlying factual predicate could have been discovered through due diligence). Instead, he seeks recourse through this § 2241 habeas petition in his current district of incarceration.

A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§

---

[2]Although submitting a 27-page petition and 121 pages of exhibits, he cites no cases to support his legal arguments and he gives few factual details.

2255] motion is inadequate or ineffective to test the legality of his detention." *Id.* § 2255(e). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002). The mere fact that an individual may be barred from filing a § 2255 motion due to procedural barriers does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Lopez*, 590 F.3d at 907; *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim already has been raised and rejected in a § 2255 proceeding, because the petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion, or because a § 2255 motion would be time-barred. *Abdullah*, 392 F.3d at 959. Moreover, a federal prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district. *Nichols*, 553 F.3d at 650; *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003); *Perez*, 286 F.3d at 1063; *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000).

Petitioner provides no evidence that he took advantage of the opportunity to raise these particular claims in his federal plea or sentencing proceedings, in a direct appeal, or in a timely § 2255 motion. He asserts that § 2241 is the only adequate and effective remedy for his claims because he is "legally and actually innocent of his crime of conviction," he has "never had an unobstructed procedural shot at presenting" his claims, and the Bureau of Prisons (BOP) has denied all of his administrative remedies and appeals

on the issue (doc. 1, at 2). These allegations are insufficient to demonstrate that the § 2255 remedy was inadequate or ineffective to test the legality of his detention.

A claim of actual innocence may allow a petitioner to bypass § 2255's gatekeeping requirements and proceed with a § 2241 habeas petition via § 2255's savings clause only where the petitioner had no earlier procedural opportunity to present his claims. *Abdullah*, 392 F.3d at 962-63; *Lurie*, 207 F.3d at 1077 n.4. "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'" *Abdullah*, 392 F.3d at 963 (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).

Petitioner does not explain how he was obstructed from pursuing a direct appeal or a § 2255 motion, or otherwise challenging the validity of his conviction in the sentencing district. Additionally, his submissions show that the BOP repeatedly advised him that it could not afford post-conviction relief on a federally adjudicated sentence and to direct any claims of an illegal conviction or sentence to the appropriate sentencing court, or consult an attorney (doc. 3, at 14, 19, 21, 43, 48, 59).

Because Petitioner has not demonstrated the inadequacy or ineffectiveness of his § 2255 remedies in the sentencing district, this Court lacks subject matter jurisdiction to entertain the claims raised in this § 2241 habeas action, and it should be summarily dismissed. *See Hill*, 349 F.3d at 1091-93; *DeSimone*, 805 F.2d at 323-24.

III.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1) should be **denied** for lack of jurisdiction, dismissing this action in its entirety without prejudice pursuant to § 2254 Rule 4.

DATED this 8th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE